UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KIMBERLY BRUNO, ) | Civil Action No.: 4:06-0592-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ) | |
| BOB DONOVAN and SHAWN (SEAN) ) | |
| SCANLIN (SCANLON), ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This is an employment discrimination case. Plaintiff, proceeding pro se, alleges violations Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. On April 10, 2006, Defendants filed a Motion to Strike, Motion to Dismiss, and, Alternatively, Motion for a More Definite Statement (Document # 10), asserting, inter alia, that Plaintiff's Title VII claims should be dismissed since Title VII does not provide for individual liability. Defendants appear to be employees of Outback Steakhouse (also referred to as "OSI" in Plaintiff's complaint). The undersigned issued a Report and Recommendation (Document # 24), recommending, inter alia, that Defendants' Motion to Dismiss be granted. In the alternative, the undersigned recommended that Defendant's Motion to Strike and Motion to Dismiss be denied. In her objections, Plaintiff addressed only the portion of the Report and Recommendation that dealt with the Motion to Strike.

On March 22, 2007, the district judge entered an Order (Document # 29) declining to adopt the recommendation that the case be dismissed. The district judge noted, "the pro se plaintiff named Outback as the defendant in the administrative phase of this case. She names defendant employees in this lawsuit, but does not name the employer Outback as a Defendant. There may be a legal

question as to whether naming the defendant employees in essence is technically naming Outback as a defendant, especially in light of the fact that Outback was named as a defendant throughout the administrative process." Order at 2. The district judge remanded the case back to the undersigned for further consideration and gave Plaintiff twenty (20) days from the date of the Order to address whether "(i) naming Outback during the administrative process allows her to proceed in Federal Court although Outback was not named in the Federal action, and (ii) whether any motion would be appropriate to address this question." Order at 2-3. The district judge also gave Defendants twenty days to respond to any filing by Plaintiff.

Plaintiff filed a Response (Document # 31) to the district judge's Order on April 11, 2007. However, her Response did not directly address the issues raised by the Order. Instead, Plaintiff asserts, among other things,

> The more I studied this so-called OSI "Standard" Settlement Agreement, the more certain I was that it could not have been OSI's "Standard" Agreement. It seemed subjective, vindictive, and anti-OSI's policy governing sexual harassment and discrimination in their company.
>
> I felt much of it was generated by Mr. Donovan and Mr. Scanlin (Scanlon). In response to those feelings, I cited them in my sexual discrimination complaint.

Plaintiff's Response at 1-2.

In their Response to Plaintiff's Response, Defendants renew their motion to dismiss and assert (1) regardless of whether Plaintiff has stated a claim against Outback Steakhouse, Defendants Scanlin and Donovan should be dismissed from the action because Title VII does not recognize claims of individual liability and (2) Plaintiff has not named Outback Steakhouse as a Defendant in this action.

The undersigned agrees with Defendants. First, as addressed in more detail in the Report and

Recommendation (Document # 24) filed January 19, 2007, the Fourth Circuit does not recognize a cause of action for individual liability under Title VII. <u>Lissau v. Southern Food Service, Inc.</u>, 159 F.3d 177, 181 (4th Cir. 1998). Thus, Defendants Donovan and Scanlin should be dismissed from this action.[1] Second, Plaintiff fails to address the question posed by the district judge as to whether naming Outback during the administrative process allows her to proceed in federal court although Outback Steakhouse was not named in the federal action, and the undersigned is unaware of any authority that would permit Plaintiff to proceed in federal court against Outback Steakhouse, an unnamed party, simply because she named the employer in her EEOC complaint. Thus, because Defendants Donovan and Scanlin are the only Defendants named in this action, and Title VII does not provide a cause of action for individual liability, it is recommended that Plaintiff's case be dismissed in its entirety.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

January 30, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice contained of the following page.**

---

[1] Also, as stated by defendants, any claims against Donovan and Scanlin have not been exhausted.