IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kimberly Bruno, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Bob Donovan and Shawn (Sean) Scanlin )<br>(Scanlon), )<br>)<br>Defendants. )<br>_____) | Civil Action No.:4:06-592-TLW |

## ORDER

The plaintiff, Kimberly Bruno, proceeding *pro se*, brought this action alleging violations of Title VII, 42 U.S.C. § 2000e.  (Doc. #1).  The case was previously before this Court for review of the prior Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers III, to whom this case had previously been assigned.  (Doc. #24).  In his Report, the Magistrate Judge recommended dismissal of this action.  (Doc. #24).  This Court did not accept that Report.  On March 22, 2007, this Court issued an Order remanding the case to the Magistrate Judge for further consideration and allowing additional time for the plaintiff to address whether naming Outback during the administrative process allows her to proceed in federal court although Outback was not named in the federal action, and whether any motion would be appropriate to address that question.  (Doc. #29).  The plaintiff filed a Response to this Order on April 11, 2007. (Doc. #31).

This matter now comes before this Court for review of the second Report and Recommendation ("the second Report") of Magistrate Judge Rogers.  (Doc. #35).  In the second

1

Report, the Magistrate Judge recommends that the defendants' motion to dismiss be granted. (Doc #35). The plaintiff has filed what may liberally be described as objections to the second Report. (Doc. #37).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed the second Report and the objections. This Court gave the plaintiff the opportunity to address her failure to name Outback in her action and whether any motion would address that question. The plaintiff has not addressed failing to name Outback as a defendant or offered any motion. This Court is constrained and finds it inappropriate in its role as an impartial arbitrator to provide legal advice to litigants. After careful review of the second Report and the objections thereto, the Court **ACCEPTS** the second Report. (Doc. #35). Therefore, for the reasons articulated by the Magistrate Judge, the defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>United States District Judge

November 24, 2007
Florence, South Carolina